Betty G. BROWNING

v.

CLERK, U.S. HOUSE OF REPRESENTATIVES, et al., Appellants.

No. 85–5144.

United States Court of Appeals, District of Columbia Circuit.

July 8, 1986.

Linda Huber was on the suggestion for appellee.

Before ROBINSON, Chief Judge, WALD, MIKVA, EDWARDS, GINSBURG,

BORK, SCALIA, STARR, SILBERMAN and BUCKLEY, Circuit Judges, and Mac-KINNON, Senior Circuit Judge.

## ON APPELLEE'S SUGGESTION FOR REHEARING EN BANC

### ORDER

PER CURIAM.

Appellee's suggestion for rehearing *en banc* has been circulated to the full Court and no member has requested the taking of a vote thereon. Upon consideration of the foregoing, it is

ORDERED, by the Court *en banc*, that appellee's suggestion is denied.

Separate statements of Circuit Judge GINSBURG, and Senior Circuit Judge Mac-KINNON are attached.

GINSBURG, Circuit Judge:

The court's opinion in *Browning v. Clerk, U.S. House of Representatives*, 789 F.2d 923 (D.C.Cir.1986), preserves this circuit's prior decision in *Walker v. Jones*, 733 F.2d 923 (D.C.Cir.), *cert. denied,* ——— U.S. ———, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984), but is inconsistent with the views expressed by the original Fifth Circuit panel in *Davis v. Passman*, 544 F.2d 865, 880 (5th Cir.1977), *rev'd on other grounds*, 571 F.2d 793 (5th Cir.1978) (en banc), *rev'd*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

*Walker* held Speech or Debate Clause immunity inapplicable to personnel decisions about jobs—for example, managing food services—"entail[ing] no function relating to the process of making laws." *Walker*, 733 F.2d at 930–31; *see Browning*, at 927–28, 930. *Walker* left open two broader issues. (1) Does Speech or Debate Clause immunity apply at all to decisions to dismiss persons employed by the legislative branch? (2) If the immunity does apply in at least some cases, is it limited to jobs with a "meaningful input" into legislative decision-making? These questions, which *Walker* reserved "for another day and case," 733 F.2d at 930, are decided in

*Browning.* The answers *Browning* supplies are: (1) Speech or Debate Clause immunity does apply to legislative branch personnel decisions; (2) the immunity is *not* limited to cases in which the employee's work "informs or influences the shaping of our nation's laws." *See Walker*, 733 F.2d at 931. Rather, Speech or Debate Clause immunity, *Browning* holds, covers personnel decisions regarding any employee whose duties are "directly related to the due functioning of the legislative process," for example, recording and transcribing committee hearings. *Browning*, at 929 (emphasis omitted).

Eminent colleagues in the Fifth Circuit, Judges Goldberg and Brown, entertained a different view of the questions left open in *Walker* and closed in *Browning*. It was their position, stated by Judge Goldberg, that

> [w]hen members of Congress dismiss employees they are neither legislating nor formulating legislation. The fear of judicial inquiry into dismissal decisions cannot possibly affect a legislator's decisions on matters pending before Congress. The democratic process remains unfettered.

*Davis v. Passman*, 544 F.2d at 880.

While I do not call for en banc rehearing of *Browning* in this circuit, I believe the different views held by federal judges on congressional immunity from suit for alleged employment discrimination indicate the need for further enlightenment from Higher Authority.

MacKINNON, Senior Circuit Judge:

A congressional reporter transcribing a hearing involving organized crime, where the testimony will be closely scrutinized by the Congress and possibly by courts for perjury, is working in an area that "influences the shaping of our nation's laws[,]" *Walker v. Jones*, 733 F.2d 923, 931 (D.C. Cir.), *cert. denied,* ——— U.S. ———, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984). Assuring accurate testimony in such an important field is *"directly related to the due functioning of the legislative process...."* *Browning*

*v. Clerk, U.S. House of Representatives,* 789 F.2d 923, 929 (D.C.Cir.1986), (emphasis in original).

The fact that the court in *Davis v. Passman,* 544 F.2d 865, 880 (5th Cir.1977), added some broad language that went beyond the facts of the case they were deciding does not create any dicta that is troublesome for this court. It merely did not reach some of the major matters that are critically important to congressional action, i.e., a correct transcript of important Committee investigative hearings upon which Congress might act to legislate or recommend prosecution for perjury.